UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARA MILLER,

Plaintiff,

v. Case No: 8:15-cv-2415-T-DNF

CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**OPINION AND ORDER**

Plaintiff, Tara Miller, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on March 12, 2012, alleging disability beginning February 3, 2012. (Tr. 146-51). Plaintiff's application was denied initially on April 2, 2012, and upon reconsideration on June 8, 2012. (Tr. 81-86, 88-93). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Dores D. McDonnell, Sr. (the "ALJ") on October 1, 2013. (Tr. 39-57). On December 17, 2013, the ALJ entered a decision finding that Plaintiff was not under a disability from the alleged onset date of February 3, 2012, through the date of the ALJ's decision. (Tr. 26-38). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on March 18, 2015. (Tr. 6-10). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on October 13, 2015.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 2, 2012, her alleged onset date. (Tr. 28). At step two, the ALJ found that Plaintiff had two severe impairments: systemic lupus erythematous (SLE) and fibromyalgia syndrome. (Tr. 28). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b). She can lift and/or carry 25 pounds occasionally and 10 pounds frequently and can sit, stand, and walk 6 hours each in an 8-hour workday. The claimant has no limitations in pushing/pulling with hand or foot controls. She experiences no manipulative, visual, communicative, postural, or environmental limitations except for avoidance of ropes, ladders, and scaffolds, concentrated exposure to temperature extremes, and humidity. She can hear, understand, learn, remember, and carry out complex work instructions, make work decisions, and adapt to a work environment. She can respond appropriately to supervision and demonstrate a cooperative attitude with co-workers, supervisors, and the general public.

(Tr. 30). At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a medical coder-biller (DOT 079.262-014) (Exhibit E)" because such work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 34). Based on his step four finding, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 3, 2012, through the date of the decision, December 17, 2013. (Tr. 34).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to adequately evaluate Plaintiff's complaints of pain; and (2) whether the ALJ erred in his finding that Plaintiff could perform her past relevant work. The Court will address each issue in turn.

### a) Whether the ALJ erred by failing to adequately evaluate Plaintiff's complaints of pain.

Plaintiff argues that the ALJ's evaluation of Plaintiff's complaints of pain pertaining to her elbow and hands was inadequate and based upon outdated medical opinion evidence. (Doc. 23 p. 7). Specifically, Plaintiff contends that the ALJ relied heavily upon the opinion of state agency medical consultant Efren Baltazar, M.D., whose opinion was given before treatment notes show

that Plaintiff's pain pertaining to her elbow and hand was worsening. (Doc. 23 p. 6). In response, Defendant argues that substantial evidence supports the ALJ's assessment of Plaintiff's subjective complaints of pain.

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In this case, the Court finds that the ALJ's credibility finding is supported by substantial evidence. The ALJ noted in his decision that there is little objective medical evidence to support Plaintiff's allegations of completely disabling limitations. (Tr. 31). The ALJ cited to evidence showing that Plaintiff had normal diagnostic imaging studies (Tr. 31, 265, 338), examinations showing full range of motion (Tr. 31-32), normal gait (Tr. 31-32, 278, 316, 323, 326, 331), normal coordination (Tr. 32, 278), no signs of inflammation (Tr. 32, 320), and no signs of lupus despite a positive ANA screening. (Tr. 32, 326). The ALJ noted that despite Plaintiff's diagnosis of degenerative arthritis in the right knee, Plaintiff reported she was "much improved" with "no significant pain" following Synvisc injections and that her elbow pain improved with a change in the prednisone dosage. (Tr. 32, 370). The ALJ noted that Plaintiff's treatment was generally conservative in nature consisting of muscle relaxants, pain medications, oral steroids, and chiropractic care with a few steroid injections. (Tr. 32).

In addition, the ALJ noted that despite pain and stiffness in Plaintiff's elbows, neck, and shoulders, Plaintiff reported that she drives, cares for pets, watches television, cooks, shops for her family, does laundry with minor assistance, vacuums, pays bills, goes grocery shopping and goes to baseball games once or twice a week. (Tr. 32). The ALJ found that "[i]n total, the claimant has admitted a fairly active lifestyle, which taken in conjunction with the medical evidence demonstrating minimal abnormalities, reflects a significant functional capacity that is not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (Tr. 33). Finally, the ALJ noted that the record contains no hospitalizations, medical crises, or objective test results to support the claimant's allegation of disabling pain and that no examining or treating physician has found Plaintiff to be exertionally limited despite her allegations of disabling symptoms and limitations. (Tr. 33).

As to Plaintiff's contention that the ALJ improperly relied upon the opinion of state agency medical physician Dr. Baltazar, the Court finds this argument without merit. Upon review of the ALJ's decision, it is apparent that the ALJ evaluated Plaintiff's subjective complaints by thoroughly evaluating the evidence as a whole, not by relying "heavily" on the opinion of Dr. Baltazar. In any event, the medical evidence dated after Dr. Baltazar's opinion reveal that Plaintiff had normal range of motion of the hands and elbow and good grip strength. (Tr. 320, 370).

The ALJ properly considered all of the relevant evidence in determining that Plaintiff's subjective complaints only partially credible. Substantial evidence supports the ALJ's credibility finding and the Court will not disturb the ALJ's finding on appeal.

**b) Whether the ALJ erred in his finding that Plaintiff could perform her past relevant work.**

In his decision, the ALJ found that Plaintiff could return to her past relevant work as "a medical coder-biller (DOT 079.262-014) (Exhibit 4E)." (Tr. 34). As both parties acknowledge, the job "medical coder-biller (DOT 079.262-014)" is not in the Dictionary of Occupational Titles.[1]

Plaintiff argues that the ALJ erred by failing to determine whether Plaintiff could perform the exertional, postural, and manipulative requirements of her past relevant work. (Doc. 23 p. 8). Plaintiff notes that no matter where her past relevant work falls under the DOT, the Work History Report the ALJ cited to in his decision provides that her former job required her to sit 8 hours out of an 8 hour workday. (Tr. 211-12). Plaintiff contends that the ALJ erred in finding she could

[1] The ALJ also states at step four that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform **his past work as a cabinet maker as generally performed**." (Tr. 34) (emphasis added). While neither party mentions this finding, the Court notes that it is apparently a typographical error as Plaintiff is female and there is no mention of past relevant work as a cabinet maker in her Work History Report.

perform this work because the ALJ found in his RFC that Plaintiff was limited to sitting only 6 hours in an 8 hour workday. (Doc. 23 p. 8).

Defendant argues that although the DOT section cited by the ALJ does not exist and is apparently a typographical error, the job of medical assistant (DOT 079.362-010) as described by the DOT encompasses the kind of work Plaintiff performed in the past. (Doc. 25 p. 10). Defendant contends that Plaintiff could perform this work as it is generally performed. (Doc. 25 p. 11). Plaintiff also argues that even if the ALJ erred in finding Plaintiff could perform her past relevant work, such error is harmless because an application of the Grids establish that Plaintiff could perform other work and was not disabled. (Doc. 25 p. 13).

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). Social Security Ruling 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982). A plaintiff is the primary source for vocational documents,

and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

In this case, the Court finds it appropriate to reverse and remand for the ALJ to clarify his step four finding. As both parties acknowledge, the DOT section to which the ALJ cites does not exist. The Eleventh Circuit has stated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 2326, 41 L.Ed. 141 (1974)). The Court declines to engage in the *post hoc* rationalizations suggested by Defendant to find that Plaintiff meets the requirements of a DOT section not mentioned by the ALJ or that an application of the Grids directs a finding that Plaintiff is not disabled.

**III. Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties